IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LORETTA A. CONROY,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|  v. ) | No. |
| ) | |
| **ARCHDIOCESE OF CHICAGO,** ) | **Trial by Jury Demanded** |
|  a religious organization, ) | |
| **CATHOLIC BISHOP OF CHICAGO,** an ) | |
| Illinois corporation sole, and ) | |
| **MOST HOLY REDEEMER SCHOOL,** ) | |
| ) | |
|    **Defendants.** ) | |

## C O M P L A I N T

Now Comes Plaintiff, Loretta A. Conroy, by her attorneys, Avery | Kill, LLC, and by way of complaint against Defendants, Archdiocese of Chicago, a religious organization, the Catholic Bishop of Chicago, an Illinois corporation sole, and Most Holy Redeemer School, states as follows:

### PARTIES

1.    Plaintiff, Loretta A. Conroy ("Conroy"), is a resident of Cook County, Illinois. Plaintiff was employed by the Archdiocese of Chicago from on or about January, 1986 through on or about about July 23, 2015.

2.    Defendant Catholic Bishop of Chicago is an Illinois corporation sole that holds the property of the Archdiocese of Chicago.

3.    Defendant Archdiocese of Chicago ("Archdiocese") is a religious organization with its primary office at 835 North Rush Street, Chicago, Illinois 60611.

4.    Most Holy Redeemer School ("MHR"), is a Catholic elementary school of the

Archdiocese of Chicago and is located at 9536 South Millard, Evergreen Park, Illinois.

## JURISDICTION

5. Plaintiff brings this action pursuant to the Americans with Disabilities Act (hereinafter "ADA"), (42 U.S.C. §12101 *et. seq*.), to compensate Plaintiff for the economic loss and other damages caused by Defendants' unlawful conduct.

6. The Defendants are employers within the meaning and purview of said statute.

7. The Archdiocese has over five hundred (500) employees.

8. Jurisdiction of this court is invoked pursuant to the provisions of the aforementioned statute.

9. Venue is proper in this judicial district under 28 U.S. C. §1391.

10. The Defendants' practice in violation of the aforesaid statutes occurred with respect to Plaintiff from on or about April, 2015 through the termination of her employment on or about July 23, 2015.

## PROCEDURAL PREREQUISITES

11. On February 10, 2016, Plaintiff filed a Charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") located in Chicago, Illinois. The charge was filed within 300 days of the occurrence of the unlawful employment practices.

12. Upon request, the EEOC issued a Notice of the Right to Sue on or about November 16, 2017. On or about November 21, 2017, Plaintiff received the Notice of the Right to Sue which gave her the right to institute a civil action within ninety (90) days after receipt of the Notice. A copy of said Notice and Charge are attached hereto and made a part hereof as Exhibit "A." The jurisdictional prerequisites of Section 706(f)(3) are satisfied.

## FACTUAL BACKGROUND

13. Plaintiff began working for the Archdiocese in January,1986 as a teacher at one if its parish schools. Her contracts for employment were renewed annually and she continued working as a teacher, assistant principal and eventually a lay principal until she was terminated on July 23, 2015.

14. Throughout her almost thirty (30) year career, Plaintiff received excellent reviews, commendations, raises and promotions. Plaintiff also took on extra responsibilities and served on committees for diocese-wide educational initiatives. She had an unparalleled commitment to her profession and the students at her schools.

15. Plaintiff's last position was as a lay principal at the MHR school from July, 2006 through July 23, 2015. At all relevant times, there was an annual contract for employment between Plaintiff, the Archdiocese, and MHR.

16. On or about January 14, 2015, Plaintiff suffered a life-threatening ruptured brain aneurysm.

17. Plaintiff underwent immediate surgery and was hospitalized from January 14, 2015 through the end of January, 2015 at Rush University.

18. Immediately after the aneurysm, Plaintiff was unable to speak, move, or care for herself.

19. From late January to the end of February, Plaintiff underwent intense in-patient rehabilitation at Rush University. From the end of February through the end of March, Plaintiff continued treatment on an in-patient basis at Park Villa Nursing and Rehabilitation Center. At the end of March, 2015, Plaintiff returned home and continued out-patient therapy.

20. Plaintiff endured substantial therapy and regained many of her abilities prior to the aneurysm. However, Plaintiff never recovered her ability to use her right leg. She had limited movement and was unable to climb stairs.

21. At the conclusion of her in-patient therapy, Plaintiff initially required a wheelchair or a

walker. At that time, the wheelchair and walker were likely to transition to another type of medical support device to permanently assist her with mobility, such as a cane.

22. MHS has an entrance at the ground floor, and also has a first floor and second floor. Stairs connected all of three floors. There was no elevator, chair-lift, or any other type of assistance for people who could not use the stairs.

23. Plaintiff's office was on the first floor which was only accessible by stairs from the entrance on the ground floor.

24. Beginning in mid-March, 2015, Plaintiff was still on a medical leave, but began requesting an accommodation for her anticipated return, specifically, a chairlift. This would only have to connect the ground floor to Plaintiff's office on the first floor. Plaintiff obtained an estimate that it would cost about $10,000.

25. There were other options to accommodate Plaintiff's restriction, such as moving Plaintiff's office from the first floor to the ground floor, or installing an elevator or platform lift, or reassigning her to a school or office which was handicapped accessible.

26. Despite all of these options and requests, Defendant failed to engage in any interactive process to accommodate Plaintiff's restriction.

27. While Plaintiff was on medical leave, and at Defendants' request, Plaintiff continued to communicate with the interim MHR principal in order to assist her and ensure that the students did not suffer in her absence.

28. On or about May, 2015, Plaintiff was informed by Defendants that she could not go to the traditional end-of-the-year school mass or to the other end-of-the-year activities since she was on medical leave. This deprived Plaintiff of participating in, or at minimum just observing, the graduation of the students whom she had known since they began kindergarten.

29. On or about June 4, 2015, Plaintiff notified Defendant that she was released to return to work as of June 8, 2015. Plaintiff provided documentation from her physician that stated she was restricted from going up or down stairs. The physician's release specifically stated "[t]hese restrictions, at this point, are temporary and will be re-evaluated every 6 months."

30. Plaintiff reminded Defendant again that, based on this restriction, she would need a chairlift on one set of stairs to get from the ground floor to her office on the first floor. This was the same request she made on or about March, 2015.

31. Defendant never gave Plaintiff a response regarding her request for an accommodation.

32. Rather, on or about July 22, 2015, Plaintiff was notified by the Archdiocese that they wanted to meet with her, in person, on July 23, 2015 regarding her restriction and "how to go forward." She asked what questions the Archdiocese had, to which they responded "[w]e don't have questions as such; we really just want to discuss where things are going for the future."

33. On or about July 23, 2015, Plaintiff arrived at the meeting and was summarily terminated. She was told she was being terminated solely because her restriction could not be accommodated. Plaintiff objected to the termination, and continued to offer numerous potential options which would accommodate her restriction. Defendants would not consider any alternatives because they said they had already "studied" the issue on their own and determined she could not be accommodated.

### COUNT I
### AMERICANS WITH DISABILITIES ACT ("ADA")
#### Discrimination

1-33. Plaintiff repeats and alleges Paragraphs 1 through 33 as Paragraphs 1 through 33 as if fully set forth herein.

34. Plaintiff was disabled within the meaning and purview of the ADA. In the alternative,

Plaintiff was regarded as disabled by Defendants.

35. Plaintiff was well-qualified to perform the job of school principal. She always met or exceed the legitimate expectations of Defendants.

36. Defendants terminated Plaintiff based on her disability or perceived disability.

37. On information and belief, Plaintiff was replaced by a non-disabled person.

38. As a proximate result of the practices alleged, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and compensatory damages.

39. Defendants' actions were intentional, willful, and malicious, or were committed with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, your Plaintiff, Loretta A. Conroy respectfully requests that this Honorable Court:

A. Enjoin Defendants' continuing unlawful employment practices and reinstate Plaintiff to employment;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front pay and benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. For such other and further relief as this Honorable Court deems equitable and just.

## COUNT II
### AMERICANS WITH DISABILITIES ACT ("ADA")
### Failure to Accommodate

1-39. Plaintiff repeats and alleges Paragraphs 1 through 39 of Count I as Paragraphs 1 through

39 of Count II as if fully set forth herein.

40. Plaintiff is a qualified individual under the ADA. At the time of her request for an accommodation, she was capable of performing the essential functions of her job with or without an accommodation.

41. Defendants refused to engage in any meaningful interactive process in order to determine whether or not it could provide an accommodation to allow Plaintiff to enjoy equal employment opportunities.

42. Plaintiff's request would not have posed any undue hardship on Defendants.

43. As a proximate result of the practices alleged, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and compensatory damages.

44. Defendants' actions were intentional, willful, and malicious, or were committed with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, your Plaintiff, Loretta A. Conroy respectfully requests that this Honorable Court:

A. Enjoin Defendants' continuing unlawful employment practices and reinstate Plaintiff to employment;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front pay and benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT ("ADA")**
**Retaliation**

1-44. Plaintiff repeats and alleges Paragraphs 1 through 44 of Counts I and II as Paragraphs 1 through 44 of Count III as if fully set forth herein.

45. Plaintiff engaged in protective conduct when she requested an accommodation.

46. After Plaintiff requested an accommodation, Defendant retaliated against Plaintiff in terms and conditions of her employment by not allowing her to participate in the children's end of-the-year activities, and, in the end, terminating her.

47. As a proximate result of the practices alleged, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and compensatory damages.

48. Defendant's actions were intentional, willful, and malicious, or were committed with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, your Plaintiff, Loretta A. Conroy respectfully requests that this Honorable Court:

A. Enjoin Defendants' continuing unlawful employment practices and reinstate Plaintiff to employment;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front pay and benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. For such other and further relief as this Honorable Court deems equitable and just.

## **JURY DEMAND**

Plaintiff, Loretta A. Conroy, respectfully demands trial by jury.

Respectfully submitted,

/s/ Annemarie E. Kill
One of attorneys for Plaintiff

Dated: February 12, 2018

AVERY | KILL, LLC
Annemarie E. Kill (#6229587)
218 N. Jefferson St., Suite 200
Chicago, IL 60661
312-648-9707
312-648-9713(fax)
akill@averykill.com

# **EXHIBIT "A"**

EEOC Form 161-B (11/16)

| Docket ___ Scan ✓ |
| Copy client ✓ oc |
| Date completed ___ By ___ |

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

**To:** Loretta A. Conroy
c/o Annemarie Kill
AVERY, CAMERLINGO, & KILL LLC
218 N Jefferson St., Suite 200
Chicago, IL 60661

**From:** Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-02548 | Zachary M. Florent, Investigator | (312) 869-8040 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Julianne Bowman_ 11/16/17
Julianne Bowman,
District Director
(Date Mailed)

Enclosures(s)

cc: John Di John
Archdiocese of Chicago
835 N. Rush Street
Chicago, IL 60611

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2016-02548 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.)
Loretta A. Conroy

**Home Phone** (Incl. Area Code): [redacted]

**Date of Birth**: [redacted]

**Street Address**: [redacted]

**City, State and ZIP Code**: [redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: ARCHDIOCESE OF CHICAGO

**No. Employees, Members**: 500 or More

**Phone No.** (Include Area Code): (312) 534-5200

**Street Address**: 835 N. Rush Street, Chicago, IL 60611

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 
Latest: 07-23-2015

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about July 1, 2006. My most recent position was Principal. During my employment, Respondent became aware of my disability and need for a reasonable accommodation. I requested a reasonable accommodation that was not provided. Subsequently, I was discharged.

I believe that I have been discriminated against because of my disability and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

FEB 10 2016

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Feb 10, 2016
Charging Party Signature: [signed]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)